PER CURIAM.
¶ 1 Conrad Kudelka, Jr., appeals a judgment convicting him of one count of attempted child enticement. He also appeals an order denying his motion for postconviction relief. Kudelka argues, for several reasons, that the circuit court erroneously exercised its discretion when sentencing him.[1] We reject Kudelka's arguments and affirm.
BACKGROUND
¶ 2 In November 2015, fifteen-year-old Dylan[2] provided police with sexually explicit text messages he had received from sixty-year-old Kudelka. In some of the messages, Dylan and Kudelka discussed getting a hotel room in order to engage in sexual activity. Dylan also told police that, on two occasions during July and August 2015, he and Kudelka had watched pornography together and engaged in oral sex. Based on Dylan's allegations, the State charged Kudelka with two counts of sexual assault of a child under the age of sixteen, two counts of causing a child between thirteen and eighteen years of age to view or listen to sexual activity, and one count of attempted child enticement.
¶ 3 Pursuant to a plea agreement, Kudelka entered a no-contest plea to the child enticement charge, which carried a maximum sentence of twenty-five years' imprisonment. The remaining charges were dismissed and read in for purposes of sentencing. The State agreed to cap its sentence recommendation at four to six years' initial confinement, followed by a lengthy period of extended supervision. A presentence investigation report (PSI) was prepared, which recommended four to five years' initial confinement and two to three years' extended supervision. The circuit court ultimately imposed the maximum sentence of twenty-five years, consisting of fifteen years' initial confinement and ten years' extended supervision.
¶ 4 Kudelka moved for postconviction relief, arguing the circuit court erroneously exercised its discretion at sentencing by: (1) engaging in mechanistic sentencing; (2) overstating the seriousness of the offense; (3) refusing to consider the mitigating factors Kudelka raised; and (4) improperly enhancing Kudelka's sentence based on his failure to admit to the read-in offenses. The postconviction court denied Kudelka's motion, concluding the circuit court did not erroneously exercise its discretion. Kudelka now appeals.
DISCUSSION
¶ 5 Sentencing lies within the circuit court's discretion, and our review on appeal is limited to determining whether the court erroneously exercised its discretion. State v. Gallion , 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. We afford a strong presumption of reasonability to a circuit court's sentencing decision "because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." Id. , ¶ 18 (citation omitted). "Appellate judges should not substitute their preference for a sentence merely because, had they been in the trial judge's position, they would have meted out a different sentence." Id. (citation omitted).
¶ 6 In order to properly exercise its discretion at sentencing, a court must specify the objectives of the sentence imposed. Id. , ¶ 40. Appropriate sentencing objectives "include, but are not limited to, the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence to others." Id. "A sentencing court should indicate the general objectives of greatest importance and explain how, under the facts of the particular case, the sentence selected advances those objectives." State v. Ziegler , 2006 WI App 49, ¶ 23, 289 Wis. 2d 594, 712 N.W.2d 76.
¶ 7 A sentencing court must also identify the factors it considered in arriving at the defendant's sentence and must explain how those factors relate to the relevant sentencing objectives. Id. The primary sentencing factors that a court must consider are the gravity of the offense, the defendant's character, and the need to protect the public. Id. The court may also consider a wide variety of additional factors pertaining to the defendant, the offense, and the community. See id. The court need only address those factors that it deems relevant in a given case, and the weight to be given to each factor lies within the court's discretion. Id. If the court considers the proper factors and imposes a sentence within the statutory limitations, we will not reverse on appeal unless the sentence is so excessive as to shock the public conscience. State v. Owen , 202 Wis. 2d 620, 645, 551 N.W.2d 50 (Ct. App. 1996).
¶ 8 Applying the above-stated principles to the instant case, we conclude the circuit court did not erroneously exercise its discretion when sentencing Kudelka. The court discussed each of the three primary sentencing factors when explaining its sentencing rationale. First, it repeatedly emphasized the gravity of Kudelka's conduct-which included both the child enticement charge for which he was being sentenced and the four additional read-in offenses. In particular, the court stressed the serious impact Kudelka's actions had on Dylan, stating, "You took this young man and you put a mark on him that he will carry with him the rest of his life. You gave him a life sentence, Mr. Kudelka, a life sentence." The court described Kudelka's conduct as "quintessentially evil, as bad as it gets." The court also emphasized that, by pleading to the child enticement charge, Kudelka had escaped "92 years of potential incarceration" for the four read-in charges, two of which were more serious felonies than the charge to which Kudelka pled.
¶ 9 The circuit court also addressed Kudelka's character during its sentencing remarks. The court twice acknowledged that it had received multiple letters from individuals attesting that Kudelka was "a good guy" who would "give them the shirt off [his] back" and "would not hurt a flea." The court also acknowledged that Kudelka was a "good worker" and a talented guitarist. On the other hand, however, the court emphasized that Kudelka lacked remorse, had failed to accept responsibility for his actions, and had asked Dylan's mother to convince Dylan to recant his allegations. The court further emphasized that the community needed to be protected from Kudelka, a sixty-year-old man who had preyed on a fifteen-year-old boy.
¶ 10 Turning to the sentencing objectives, the circuit court cited both punishment and protection of the public as objectives of Kudelka's sentence. However, the court's remarks as a whole make it clear that the court saw protection of the public as the dominant sentencing objective. The court emphasized, "My concern here, my discretion is being exercised to protect the [Dylans] of the world."
¶ 11 Finally, the circuit court logically explained the relationship between its sentence structure and the dominant sentencing objective. The court stated the maximum sentence on the child enticement charge was warranted because the court needed to protect "the other [Dylans] of the world for every minute that I can." The court further stated it did not know whether Kudelka could be rehabilitated, but it could not "take the risk of finding out" because "[t]he damage to potential kids in this community is too great." The court later reiterated, "We cannot give you the chance to do this again for at least fifteen years."
¶ 12 In light of the foregoing, we cannot conclude the circuit court erroneously exercised its discretion by imposing the maximum sentence on the child enticement count. The court considered the primary sentencing factors, identified an appropriate sentencing objective, and explained why the sentence it imposed furthered that objective. The court used the appropriate sentencing methodology and imposed a sentence permitted by statute, and Kudelka does not develop any argument that his sentence is so excessive as to shock the public conscience. See Owen , 202 Wis. 2d at 645.
¶ 13 Kudelka instead argues the circuit court erred in four ways when imposing his sentence. First, he contends the court "engaged in mechanistic sentencing" by basing his sentence on only one factor-the age disparity between Kudelka and Dylan. However, the record belies this assertion. Although the court mentioned the age disparity between Kudelka and Dylan during its sentencing remarks, it also considered a number of other factors, including the gravity of Kudelka's conduct, its impact on Dylan, and Kudelka's lack of remorse and failure to accept responsibility. Kudelka's claim that the court considered only the age disparity when imposing his sentence therefore lacks merit.[3]
¶ 14 Kudelka next argues the circuit court erred by overstating the seriousness of the child enticement charge. He observes that, when discussing the gravity of Kudelka's conduct, the court stated, "Is this vicious or aggravated? Right up next to murder. Right up next to murder. ISIS has nothing on you. ISIS has nothing on you. And I don't use these words cavalierly." Kudelka notes that first-degree intentional homicide is a Class A felony, while child enticement is only a Class D felony. See WIS. STAT . §§ 940.01(1), 948.07. He asserts, "The assessment by the court that the defendant's conduct in the pled-to charge was almost as serious as the conduct involved in a First[-]Degree Intentional Homicide or acts committed by an organization devoted to [i]nternational terror was, as acknowledged by the post-conviction court, quite simply contrary to both fact and law."
¶ 15 Kudelka's argument on this point fails for two reasons. First, he neglects to acknowledge that, when the circuit court made its remarks comparing his conduct to murder and acts perpetrated by ISIS, it was not referring solely to the child enticement charge. Instead, as the postconviction court noted, the circuit court was referring to Kudelka's entire course of conduct, which included both the child enticement charge and the four read-in offenses, two of which were Class C felonies. We agree with the postconviction court that, when the circuit court made its remarks about the seriousness of Kudelka's conduct, it was "taking [the charges] as a package and saying that the damage done to the victim and what he's going to have [to] carry with him for the rest of his life was heavy duty."
¶ 16 Moreover, while the circuit court's remarks regarding murder and ISIS were certainly hyperbolic, Kudelka takes them out of context. Immediately after making those remarks, the court continued:
I use these words in the presence of [Dylan], so he understands this is not you, [Dylan]. This is this man, not you. This is not about anything you did. It's not about any problems you have. This is about his choice. 60-year-old men are not entitled to take advantage of 15-year-old boys. They are not entitled to do that and I hope you can find it in your mind and your heart to forgive yourself for being involved in something you did not create.
Based on these remarks, it is clear that the court used its overblown rhetoric involving murder and ISIS to convey to Dylan-who was present in the courtroom-that only Kudelka was to blame for his own unlawful conduct. When considered in this context, the court's comments comparing Kudelka's actions to murder and offenses committed by ISIS do not demonstrate that the court erroneously exercised its discretion in sentencing Kudelka.
¶ 17 Kudelka next argues that the circuit court erred by refusing to consider the mitigating factors he raised at sentencing. More specifically, he contends the court improperly decided to "completely ignore or discount individual mitigating factors because they weren't, in the court's opinion, mitigating enough to completely cancel out the severity of the crime ." He argues mitigating factors "by their nature, lessen the imposed sentence," and there is no authority "for the proposition that the court is not required to consider mitigating factor[s] unless they somehow zero-out the severity of the crime."
¶ 18 Once again, the record belies Kudelka's claim that the circuit court failed to consider any mitigating factors. The court expressly acknowledged during its sentencing remarks that multiple individuals had submitted letters attesting to Kudelka's good character. The court also acknowledged Kudelka's employment history and musical abilities. Ultimately, however, the court concluded those factors were outweighed by the seriousness of Kudelka's conduct, his lack of remorse and failure to accept responsibility, and the need to protect the public. Again, the weight to be given to each relevant sentencing factor lies within the circuit court's discretion. See Ziegler , 289 Wis. 2d 594, ¶ 23. The court did not erroneously exercise its discretion here by determining that other considerations outweighed the mitigating factors Kudelka raised.
¶ 19 Finally, Kudelka argues the circuit court improperly increased his sentence based on "[h]is failure, at the time of sentencing, to admit that he committed" the read-in offenses. He asserts his refusal to admit to the read-in charges was "a valid exercise of his right to be free of self-incrimination," and the court "improperly used [his] exercise of his constitutional rights ... as a valid reason for an enhanced sentence." As the State notes, however, Kudelka does not cite anything in the record to support his claim that the court increased his sentence based on his failure to admit to the read-in offenses.
¶ 20 Additionally, our review of the record does not support Kudelka's claim. The circuit court was aware, at the time of sentencing, that Kudelka had made multiple statements indicating he did not accept responsibility for the child enticement count. For instance, Kudelka told the PSI author that his texts to Dylan "did not violate the law [he was] charged with," and that he only pled to the child enticement charge because he and his attorney "felt a jury would convict [him] just because the texts were sexual in nature." He also told the PSI writer that, contrary to what he wrote in the texts, he had "no intent" to rent a hotel room in order to engage in sexual activity with Dylan. Kudelka again attempted to minimize his own culpability for the child enticement charge during his sentencing allocution by asserting that he did not actually mean what he wrote in the texts. Based on these statements, the circuit court properly cited Kudelka's failure to accept responsibility as a factor supporting the imposition of a lengthy sentence. The court did not improperly penalize Kudelka for failing to admit to the read-in offenses.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The Honorable James A. Morrison sentenced Kudelka, and the Honorable Tim A. Duket denied his postconviction motion. Throughout the remainder of this opinion, we refer to Judge Morrison as the circuit court and to Judge Duket as the postconviction court.

Pursuant to the policy underlying Wis. Stat. Rule 809.86 (2015-16), we refer to the victim using a pseudonym. All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Within his "mechanistic sentencing" argument, Kudelka also asserts that the circuit court erred by "absolutely refus[ing] to consider [his] rehabilitative potential." Again, however, the record does not support this claim. The court acknowledged the possibility that Kudelka could be rehabilitated, but since that outcome was not certain, the court stated it could not "take the risk of finding out" because "[t]he damage to potential kids in this community is too great." Thus, contrary to Kudelka's assertion, the court did, in fact, consider his rehabilitative potential. It simply determined that the need to protect the public outweighed that factor.